IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,395-02






EX PARTE CHARLTON REED TIPTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 03-06-7270 IN THE 220TH DISTRICT COURT OF
HAMILTON COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of aggravated sexual assault of a child, and punishment was
assessed at confinement for life. Applicant's conviction was affirmed on appeal. Tipton v.
Texas, No. 10-03-00385-CR (Tex. App. -- Waco, delivered, February 2, 2005, pet. ref'd).

 Applicant contends, inter alia, that he received ineffective assistance of counsel, in
that defense counsel: failed to make an independent review of the report of the nurse's
examination of the victim or to obtain an expert to review the report; and failed to present
evidence that the Applicant was trying to obtain custody of the victim when the allegations
were made.

 The trial court has entered an order concluding that there do not appear to be any
controverted, previously unresolved facts material to the legality of the Applicant's
confinement. However, we disagree. Applicant has stated facts requiring resolution. 
Because this Court cannot hear evidence, it is necessary for the matter to be remanded to the
trial court for resolution. This trial court shall resolve the factual issues as set out in Tex.
Code Crim. Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or
interrogatories from defense counsel, or it may hold a hearing. In the appropriate case, the
trial court may rely on personal recollection.

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the court finds that Applicant is indigent and Applicant desires to
be represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether defense counsel conducted an independent review of the report of the nurse's
examination of the victim or obtained an expert to review the report, and whether defense
counsel failed to present evidence that the Applicant was trying to obtain custody of the
victim when the allegations were made. The trial court shall also make any further findings
of fact and conclusions of law it deems relevant and appropriate to the disposition of the
application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within ninety (90) days of the date of this order. (1) 
A supplemental transcript containing all affidavits, the transcription of the court reporter's
notes from any interrogatories or hearings held, along with the trial court's findings of fact
and conclusions of law, shall be returned to this Court within one hundred twenty (120) days
of the date of this order. (2)


 IT IS SO ORDERED THIS THE 7th day of December, 2005.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.